UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH B. ELFAR, a/k/a Youssef Far,<br><br>Petitioner,<br><br>v.<br><br>WILMINGTON TRUST, N.A, FAY SERVICING, LLC,<br><br>Respondents. | No.  2:20–mc–0273–TLN–KJN PS<br><br>ORDER & FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 1) |

Presently before the court is pro se petitioner's motion to confirm an arbitration award and motion to seal the case. (ECF No. 1.)[1] Petitioner asserts in the motion that an arbitration award and addendum of more than $8 million has been entered against respondents, which petitioner now seeks to enforce under the Federal Arbitration Act ("FAA").  For the following reasons, the undersigned recommends that the motion be denied and that this action be dismissed as frivolous.

**BACKGROUND**

Petitioner initiated this action on October 22, 2020, by filing a "Motion to Confirm Arbitration Award." (ECF No. 1.) Attached to the motion are petitioner's memorandum of law, affidavit, and numerous exhibits related to a purported arbitration award entered in his favor

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

against respondents Wilmington Trust, N.A., and Fay Servicing, LLC, on March 27, 2020.  The attachments indicate that respondents are the mortgagee and loan servicer of a mortgage being foreclosed on petitioner's home in Fairfield, California.

The attached arbitration award purports to have been issued by a company called American Arbitration Management Services ("AAMS") and is signed by an arbitrator named Ava Steele, located in Homewood, Illinois.  (ECF No. 1 at 20, 28-29.)  It states that an arbitration hearing was held via video conference on March 23, 2020, which respondents did not attend.  (Id.)  The award references and attaches a letter from respondents' attorney dated March 10, 2020, informing the arbitrator that respondents would not be participating in the scheduled arbitration because "[t]here is no written contract or agreement whereby either party agreed to arbitrate disputes about the loan, and neither party agrees to submit to arbitration."[2]  (Id. at 20, 22-23.)

The award states that the matter being arbitrated is a "Default of the Redraft Contract # 180884 and a foreclosure/Sheriff Sale action" brought against petitioner by respondents.  (Id. at 22.)  The arbitrator found that "[b]y tacit acquiescence the Respondents agreed" to the terms of that "Redraft Contract," and "thus agreed to arbitration."  (Id. at 24.)  According to the arbitrator, the judicial foreclosure of petitioner's property was "null and void" because once petitioner's promissory note was securitized, that "act of 'conversion'" destroyed the note's enforceability.  (Id. at 25.)  "Considering [petitioner's] Conditional Acceptance offer, the Respondents' dishonor by tacit acquiescence and the lack of evidence in support of Respondent[']s claim," the arbitrator found in favor of petitioner and awarded him "free and clear title to the property."  (Id.)  The arbitrator found respondents jointly and severally liable for $1,659,636 due to the "fraud and damage perpetrated" on petitioner.  (Id. at 26.)  After respondents did not comply with the original award, the arbitrator awarded petitioner over $7 million in punitive and compensatory damages on September 2, 2020.  (Id. at 32-35.)

Petitioner attaches as Exhibit 4 the purported contract that he asserts established the

---

[2] Petitioner attaches proof of service of the instant motion and all exhibits on respondents, but neither respondent has yet appeared in this action.

parties' arbitration agreement. (Id. at 37-68.) Exhibit 4 is entitled "Notice of Redraft of Contract No. / Loan # 180884 by Affidavit and Settlement Agreement," dated January 8, 2020. (Id. at 37, 67.) This document describes petitioner's numerous disputes and theories regarding respondents' enforcement of his promissory note, and it sets forth a detailed set of demands and statements which it states will be taken as agreed to if respondents did not respond within 13 days. (See, e.g., id. at 65-66.) The Redraft Contract—which is signed only by petitioner and a notary witness—contains an Arbitration and Mediation Clause stating that the parties would arbitrate any related controversy before an arbitrator of petitioner's choosing. (Id. at 66-68.) The remainder of the attached exhibits indicate that respondents never replied in writing to this Redraft Contract. (See, e.g., id. at 87.)

**DISCUSSION**

A frivolous complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). District courts are empowered to dismiss complaints that present "obviously frivolous" allegations, even where the plaintiff is not proceeding in forma pauperis. Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed *sua sponte* before service of process."); see also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.") (internal quotation marks omitted); Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances.").

Petitioner asks the court to enforce the arbitration award under the FAA, which permits a court to confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . ." 9 U.S.C. § 9. To obtain confirmation of an award, the FAA requires the moving party to file

3

(1) the agreement, (2) the award, and (3) each notice, affidavit, or other paper used to confirm, modify or correct the award. 9 U.S.C. § 13. In general, judicial review of arbitration awards is very limited under the FAA. Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC, 913 F.3d 1162, 1166 (9th Cir. 2019) (courts "must" confirm an arbitration award unless the award is being vacated, modified, or corrected as prescribed in 9 U.S.C. §§ 10, 11). But the threshold issue of whether there even exists an agreement to arbitrate is properly one for the courts to decide. Galilea, LLC v. AGCS Marine Ins. Co., 879 F.3d 1052, 1056 (9th Cir. 2018).

Here, petitioner has failed to present any "agreement" that would trigger FAA protection because respondents never consented to the terms of the so-called Redraft Contract. See Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC, 816 F.3d 1208, 1211 (9th Cir. 2016) ("[A]rbitration is strictly a matter of consent."). "It is a fundamental principle of contract law that silence does not constitute acceptance of a contract." Orman v. Cent. Loan Admin. & Reporting, No. CV-19-04756-PHX-DWL, 2019 WL 6841741, at *4 (D. Ariz. Dec. 16, 2019) (citing Restatement (Second) of Contracts § 69 and several states' case law, and vacating arbitration award that was based on unaccepted counteroffer). Under California law, "[s]ilence in the face of an offer is not an acceptance, unless there is a relationship between the parties or a previous course of dealing pursuant to which silence would be understood as acceptance." C9 Ventures v. SVC-W., L.P., 202 Cal. App. 4th 1483, 1500 (2012) (quoting S. California Acoustics Co. v. C. V. Holder, Inc., 71 Cal. 2d 719, 722 (1969)); see Davis v. Nordstrom, Inc., 755 F.3d 1089, 1093 (9th Cir. 2014) (state law governs contract formation in FAA cases).[3] There is no suggestion that petitioner and respondents—a corporate lender and a loan servicer—had established a prior course of dealing that would make it reasonable to construe respondents' lack of response as acceptance of the outlandish terms of the Redraft Contract. And petitioner's own statement that he would interpret a non-response as consent is legally irrelevant. See Restatement § 69 cmt. c. ("The mere fact that

---

[3] There is no need to expend further judicial resources wading into a complex choice-of-law analysis of whether to apply Delaware law (where respondents are incorporated), Illinois law (where the arbitrator was located), or California law (where petitioner and the subject property are located). The court is aware of no jurisdiction whose contract law construes silence as acceptance of an offer, as the general rule.

4

an offeror states that silence will constitute acceptance does not deprive the offeree of his privilege to remain silent without accepting.").

Petitioner has not shown that any valid arbitration agreement exists between himself and respondents, and the undersigned strongly doubts the legitimacy of the ensuing arbitration award which mostly parrots petitioner's bogus legal theories.  There can be no valid legal action based on petitioner's misguided attempt to avoid fulfilling his financial obligations.  Accordingly, the undersigned recommends *sua sponte* dismissal of this frivolous action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  See In re Matter of: Arbitration Award of Robert Presley of Hmp Arbitration Servs., No. 4:19-CV-00088-DN-PK, 2019 WL 10817149 (D. Utah Nov. 13, 2019) (denying motion to confirm arbitration against lender and loan servicer based on tacit approval theory, calling the purported arbitration award an "obvious sham," and dismissing the action *sua sponte*, with prejudice); see also Decormier v. Nationstar Servicers, LLC, No. 1:20-CV-0062-DAD-JLT, 2020 WL 5989180, at *2 (E.D. Cal. Oct. 9, 2020) (Rule 12(b)(1) sua sponte dismissal, without prejudice, of action to enforce fraudulent arbitration award rendered by sham arbitration service).  The court cautions petitioner that any further such frivolous filings may subject him to sanctions authorized by statute or Rule or within the inherent power of the court.

**ORDER**

The court DENIES petitioner's motion to seal the case (ECF No. 1).

**RECOMMENDATIONS**

And it is HEREBY RECOMMENDED that:

1. Petitioner's motion to confirm arbitration award (ECF No. 1) be denied;
2. The court *sua sponte* dismiss this action as frivolous, without prejudice, for lack of federal subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1); and
3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served on all parties and filed with the court within fourteen (14) days after service of the
4  objections.  The parties are advised that failure to file objections within the specified time may
5  waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th
6  Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).
7  Dated:  December 3, 2020

*[Signature: Kendall J. Newman]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

elfa.0273